verdict for an offense as different from the one submitted in the court's charge as night is from day. We disposed of appellant's contention by stating that Article 1408, P. C., defined but one offense.

In view of appellant's insistence, we observe the following:

 The evidence supports a finding that appellant robbed the injured party by putting him in fear of life or bodily injury.

We therefore construe the jury's verdict to conform to the evidence and the manner of submission.

Since Article 1408, P.C., denounces only one offense, a recitation in the judgment of the manner in which the offense was committed may be rejected as surplusage.

Appellant's second motion for rehearing is overruled.

WOODLEY, Judge.

The conviction is for sale of beer in Lubbock County, a dry area; the punishment 60 days in jail and a fine of $300.

It was admitted that Lubbock County was dry and that appellant had been previously convicted of the offense of similar nature charged for the purpose of enhancing the punishment.

The state proved by its witnesses that appellant sold beer to the person named in the complaint and information, in Lubbock County, as alleged.

The judgment is affirmed.

## ACOSTA v. STATE.
No. 26387.

Court of Criminal Appeals of Texas.
April 22, 1953.

No attorney on appeal, for appellant.
Wesley Dice, State's Atty., of Austin, for the State.

## THOMPSON v. STATE.
No. 26450.

Court of Criminal Appeals of Texas.
May 20, 1953.